(September 13, 1882.)

## UNITED STATES v. HAILEY.

[3 Pac. 263.]

Administrator—Presentment of Claim to—Revival of Action Against Personal Representative.—Under section 140, page 267, Revised Laws of Idaho, which provides that, "if any action be pending against the testator or intestate at the time of his death, the plaintiff shall . . . . present his claim to the executor or administrator for allowance or rejection, authenticated, as in other cases, and no recovery shall be had in the action unless proof be made of the presentation required by the law," an action by the United States which has been revived against the decedent's administrator without presentation of plaintiff's claim as required by statute will be dismissed, as such statute applies to the United States.

APPEAL from District Court, Ada County.    Affirmed.

Wallace R. White, United States District Attorney, for Appellant.

The court below, on motion, instructed the jury to find for the defendant, on the ground that the claim of appellant had not been presented to the administrator in the manner provided by law.    The motion should have been denied.    No laches can be imputed to the public.    (1 Blackstone's Commentaries, Cooley's ed. 247; *Troutman v. May*, 33 Pa. St. 455; *People v. Gilbert*, 18 Johns. 227; *Wallace v. Miner*, 6 Ohio, 367; *Munshower v. Patton*, 10 Serg. & R. 334, 13 Am. Dec. 678; *Bagley v. Wallace*, 16 Serg. & R. 245; *Stoughton v. Baker*, 4 Mass. 528, 3 Am. Dec. 236; Angell on Limitations, secs. 34-40.)    A statute cannot devest the public of any rights unless specially named therein.    (8 Bacon's Abridgment, 92, "E"-5; *United States v. Herron*, 20 Wall. 251; *United States v. Knight*, 14 Pet. 315.)    No claim of the United States is barred by statute of limitations unless expressly named in the United States statute laws.    (*United States v. Thompson*, 98 U. S. 487; *McKeehan v. Commonwealth*, 3 Pa. St. 151; *People v. Gilbert*, 18 Johns. (N. Y.) 227; *United States v. Herron*, 20 Wall. 251; Angell on Limitations, secs. 34-40.)    The law prescribing the time a claim must be filed against decedent estates is a statute of limitation.    (*Wren v. Splann*, 1 How. (Miss.) 15; *Parmilee v. McNutt*, 9 Miss. (1 Smedes & M.) 179; *United States v. Hoar*, 2 Mason, 311, Fed. Cas. No. 15,373.)    If the United States are not bound by section 131 of the Revised Statutes of Idaho, they are not bound by section 140 of the same.    The time prescribed within which a claim must be presented against a decedent estate does not apply to a state or the United States.    (*Parmilee v. McNutt*, 9 Miss. (1 Smedes & M.) 179; *United States v. Williams*, 5 McLean, 133, Fed Cas. No. 16,721; *Gaussen v. United States*, 97 U. S. 585; *Booth v. United States*, 11 Gill & J. 373; *United States v. Backus*, 6 McLean, 443, Fed. Cas. No. 14,491.)    The United States statutes, section 955, has been complied with in this case by the voluntary appearance of defendant Hailey.    (*Wilson v. Codman*, 3 Cranch, 193.)    Claims of the United States against estates of deceased persons are not governed by

probate laws. (*United States v. Hoar,* 2 Mason, 311, Fed. Cas. No. 15,373; *United States v. Backus,* 6 McLean, 433, Fed. Cas. No. 14,491.)

R. Z. Johnson and Huston & Gray, for Respondent.

As no proof of the presentation of the claim in this suit to the administrator was made in the court below, it was proper to direct a verdict for the defendant. (Probate Practice Act, secs. 138, 140; Revised Laws of Idaho, 267; Cal. Code Civ. Proc., secs. 1500, 1502. *Bank of Stockton v. Howland,* 42 Cal. 132; *Coleman v. Woodworth,* 28 Cal. 568, 569.) It is only claims duly presented and allowed which the administrator ·is authorized to pay. (*Harp v. Calahan,* 46 Cal. 232; *Pitte v. Shipley,* 46 Cal. 161.) The foregoing provisions of our Probate Practice Act are applicable to this action. (*United States v. Egglestone,* 4 Saw. C. C. 201, 202, 203, 204, Fed. Cas. No. 15,027.) Territorial courts are not courts of the United States, within the meaning of the constitution. (*Clinton v. Englebrecht,* 13 Wall. 434; *Hornbuckle v. Toombs,* 18 Wall. 648.) An administrator is bound to account for all assets received by virtue of his administration to the court from which he receives his authority. (*Vaughan v. Northup,* 15 Pet. 6; *Yonley v. Lavender,* 21 Wall. 279, 280, 284.) The effect of a judgment of a court of the United States against an administrator is determined by the probate law under which he is acting. (*Peale v. Phipps,* 4 How. 375; *Williams v. Benedict,* 8 How. 111.) The United States must come into court to enforce its rights the same as any other suitor. (*Mitchel v. United States,* 9 Pet. 743; 2 Co. Inst. 573; 2 Ves. Sr. 297; Hard. 60, 460; *Brent v. Bank,* 10 Pet. 614.)

MORGAN, C. J.—In this case suit was brought January 24, 1877, by the United States upon the bond of Virgil S. Eggleston, upon which A. H. Robie was surety. The defendant A. H. Robie died some time previous to the November term of the district court for Ada county, 1878. At said term, at the suggestion of his death by attorneys for both parties, his administrator, John Hailey, was made a party to the suit, and appeared therein by his counsel. On the tenth day of December,

1881, the cause came on for trial before the court and jury. The plaintiff having completed its evidence and rested, the defendant moved the court to direct the jury to find a verdict for the defendant on the ground that the evidence does not show that the claim in suit has been presented to the administrator for allowance or rejection. The motion was allowed by the court, and the jury, under the instructions of the court, rendered a verdict for the defendant.

The case was brought by appeal to this court. The only question in this case is as to whether section 140, page 267, of the Revised Laws of Idaho, binds the United States the same as any other litigant. The claim never having been presented to the administrator, the matter as to limitation of time does not come in question. For the same reason there is no question of laches on the part of the plaintiff; therefore, section 131, page 265, has no bearing on the question at issue. Section 955 of the Revised Laws of United States, cited by counsel, directs in what manner administrators may become parties in the United States courts; the district court of the territory not being such a court, it does not apply. (*United States v. Mays,* 1 Idaho, 763; *Clinton v. Englebrecht,* 13 Wall. 434; *Hornbuckle v. Toombs,* 18 Wall. 648.) Nor is there any question in this case as to the appearance of the administrator, he having voluntarily appeared both in person and by attorney. Section 140 of the Revised Laws, before quoted, states: "If any action be pending against the testator or intestate at the time of his death, the plaintiff shall in like manner present his claim to the executor or administrator for allowance or rejection, authenticated, as in other cases, and no recovery shall be had in the action unless proof be made of the presentation required by law." In cases in the United States courts the practice in all cases is regulated by the laws in force in the states or territories wherein such suit is pending. (*United States v. Mays, supra; Clinton v. Englebrecht, supra; Hornbuckle v. Toombs, supra; Reynolds v. United States,* 98 U. S. 154; *United States v. Eggleston,* 4 Saw. 201, et seq., Fed. Cas. No. 15,027; *McGill v. Armour,* 11 How. 142.) The administrator is exclusively bound to account for all the assets which he receives, under and by virtue of his administration, to the court from which he derives

his authority. (*Vaughan v. Northup,* 15 Pet. 6; *Yonly v. La-vender,* 21 Wall. 279, et seq.) When the United States is compelled to come into court to enforce its rights it must come in as any other suitor. (*Mitchel v. United States,* 9 Pet. 743.) And the proceedings in such action must be in accordance with local laws in force at the time in the state or territory where the suit is commenced. In this case the probate laws in this territory must govern and determine the method of procedure to obtain judgment. (*Peale v. Phipps,* 4 How. 375; *Williams v. Benedict,* 8 How. 111; *Bank v. Horn,* 17 How. 157; *Pulliam v. Osborne,* 17 How. 475, 476.) A right of priority of payment on the part of the United States is not involved in this cause, and, if it was, the right of the United States to priority given by law is recognized by section 239 of the Probate Act, Revised Laws of Idaho.

Judgment of the court below must therefore be affirmed.

Buck, J., having been of counsel for appellant in the court below, did not sit in the hearing of this case.