Carter H. Harrison, Appellant, v. Anna C. Deutsch, Executrix of Estate of Joseph Deutsch, Deceased, Appellee.

### Gen. No. 39,601.

MATCHETT, J., dissenting.

Opinion filed February 28, 1938.

James W. Morris, Assistant Attorney General, Sewall Key and Clarence E. Dawson, Special Assistants to Attorney General, for United States; Michael L. Igoe, United States Attorney, David L. Bazelon and Raymond P. Drymalski, Assistant United States Attorneys, and Carl F. Perkins, Special Assistant to United States Attorney, of counsel.

Ralph E. Brown, of Chicago, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Carter H. Harrison as Collector of Internal Revenue filed a claim in the probate court of Cook county May 7, 1935, for $32,796.33 against the Estate of Joseph Deutsch, deceased, for additional income taxes for the years 1929, 1931 and 1932. No objection to the amount of the claim was made and it was allowed and ordered to be paid as a claim designated by the court as class ''2a.'' The Estate appealed to the circuit court of Cook county, where there was a trial *de novo*, the facts being stipulated. The claim was allowed as of the 6th class, to be paid only out of subsequently inventoried assets, if any, and the Collector prosecutes this appeal, contending that the claim should have been allowed as class 2a.

The material facts as stipulated are that Joseph Deutsch of Chicago died testate January 23, 1933; his will was admitted to probate in the probate court of Cook county, Illinois, and letters testamentary were issued to Anna C. Deutsch on March 8, 1933. April 11th following the executrix notified the Collector of Internal Revenue in Chicago of the death of Deutsch. Afterward the executrix filed an inventory and a supplementary inventory of the assets of the Estate, which were approved by the probate court. She also published notice for the adjustment of all claims, as pro-

vided by statute. Many substantial claims were filed against the Estate during the year following the issuance of the letters testamentary, which were allowed before May 7, 1935, as of classes 1, 3, 5 and 6. The claims were classified pursuant to the provisions of sec. 70, ch. 3, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 110.071]. One of these claims for $16,278.82 was allowed as of class 6, in favor of Anna C. Deutsch individually. It was further stipulated that the executrix had not sufficient funds on hand with which to pay all the claims, but has sufficient to pay in full all claims of the first and second class, and a substantial amount will be available to apply on claims falling below the second class.

Joseph Deutsch filed with the Collector of Internal Revenue income tax returns for the years 1929 and 1931, and paid the amount of tax computed. His executrix filed a similar return for 1932. The Collector of Internal Revenue, pursuant to the provisions of the United States Statutes, notified the executrix of claimed additional liabilities for 1929, 1931 and 1932. The executrix protested and afterward assessments of additional Federal income tax were made for each of the three years, principal and interest amounting to $32,796.33, and the Collector filed his claim in the probate court of Cook county against the estate, as stated.

By sec. 70, ch. 3, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 110.071], all demands against the estate of the deceased are divided into six classes: (1) funeral expenses and costs of administration; (2) widow's award; (3) expenses attending last illness, etc.; (4) debts due the common school fund of township; (5) moneys received by the deceased in trust; and (6) all other debts and demands which shall be exhibited to the court within one year from the granting of letters by the probate court. The section further provides that all claims of whatever class and demand not exhibited to

the probate court within one year from the granting of letters shall be forever barred as to all property of the estate which has been inventoried or accounted for by the executrix or administrator; and any claims filed after the year are to be paid only out of subsequent inventoried assets.

The position of the Collector is that his claim being for unpaid income tax, the one year limitation fixed for filing claims by section 70 of chapter 3 of our statutes, is not applicable and does not prejudice his right to have the claim allowed, to be paid after the claims of the first and second classes; while the executrix's position is that since the claim was not filed until more than a year after the letters testamentary were issued, the judgment of the circuit court allowing the claim as of the 6th class, to be paid only out of subsequently inventoried assets, was proper.

Sec. 3466 Revised Statutes of the United States (U. S. C. Title 31, sec. 191) provides: ''Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied.'' And by sec. 3467 it is provided that ''Every executor, administrator, or assignee, or other person, who pays in whole or in part any debt due by the person or estate from whom or for which he acts, before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid.'' Taxes due the United States are debts within the meaning of sec. 3466. *Price v. United States*, 269 U. S. 492. In that case the court said (p. 499) : ''The word 'debts' as used in R. S. Sec. 3466 includes taxes.

"The claim of the United States does not rest upon any sovereign prerogative; but the priority statutes were enacted to advance the same public policy which governs in the cases of royal prerogative; that is, to secure adequate public revenue to sustain the public burdens."

In the early case of *United States v. Backus*, 6 McLean's Reports 443 (24 Fed. Cas. No. 14491) suit was brought by the United States against the executors to recover balance due from the estate of the deceased. It was contended that the claim should have been filed against the estate in the probate court within the period provided by the statutes of Michigan, and since this was not done the claim was barred. The court rejected this contention and said: "The exclusive jurisdiction given to the Probate court, in the settlement of decedents' estates, cannot affect the claims of the Government, however it may bear on private claims. The mode of proceeding in the Probate court, and the time given for the settlement of accounts, cannot regulate the claims of the government, nor affect the remedies given to it under its own laws."

*United States v. Hoar*, 2 Mason's Reports (26 Fed. Cas. No. 15373) was an action by the United States for money had and received against the administrator of an estate, and it was held that neither the general statute of limitations nor the Statute of Limitations of Massachusetts as to executors or administrators binds the United States in a suit brought in the U. S. Circuit Court.

No suggestion nor contention is made in the instant case that the claim was not filed in the probate court within the time fixed by any federal statute.

In *United States v. Nashville, C. & St. L. Ry. Co.*, 118 U. S. 120, an action was brought by the Government on negotiable bonds made by defendant railroad company to the State of Tennessee. The bonds were owned and held by the United States. The Statute of Limi-

tations of the State was interposed as a defense, but it was held that the statute did not run against the right of action of the United States. The court there said (p. 125) : "It is settled beyond doubt or controversy—upon the foundation of the great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confined—that the United States asserting rights vested in them as a sovereign government, are not bound by any statutes of limitations, unless Congress has clearly manifested its intention that they should be so bound."

*Chesapeake & Delaware Canal Co. v. United States,* 250 U. S. 123, was an action brought by the United States against the Canal Co. to recover the amount of three dividends which had been declared on shares of its capital stock owned by the Government. The plea of the Statute of Limitations was rejected by the trial court, Circuit Court of Appeals, and the Supreme Court, and it was held that said Statute of Limitations and the doctrine of *laches* were not applicable to the government.

In *Phillips v. Commissioner,* 283 U. S. 589, a corporation had distributed all of its assets among its stockholders and then dissolved. Afterward the Commissioner of Internal Revenue made a deficiency assessment against it for income and profit taxes. The court said (p. 602) : "It is contended that summary proceeding by the United States to enforce the liability for the tax is barred by the six months statute of limitations on suits against stockholders provided by the Pennsylvania statute. . . . The United States is not bound by state statutes of limitations unless Congress provides that it shall be."

In *Matter of Lincoln Chair & Novelty Co.,* 274 N. Y. 353, it was held that under sec. 3466 of the U. S. Revised Statutes (U. S. C. Tit. 31, sec. 191) claims of the

United States upon a voluntary assignment of an insolvent debtor for the benefit of his creditors have preference over all other claims, including those of the State of New York. The court there said (pp. 356–357): "The State of New York has, as sovereign, a common law right of priority in payment of its claims out of the estate of an insolvent debtor, but that common law right of priority has been made subordinate to the statutory priority of the United States. No exception has been made by Congress in favor of the claims of the State or of wage-earners or other persons. Upon the voluntary assignment of an insolvent debtor, the mandate of the statute (sec. 3466) that out of the estate of the insolvent 'the debts due to the United States shall be first satisfied' is absolute. (*Co. of Spokane v. U. S.*, 279 U. S. 80.)"

In *New York v. Maclay*, 288 U. S. 290, the United States filed its claim for additional taxes with the receivers of an insolvent corporation. The State of New York filed its claim for certain taxes. The court held that under sec. 3466 Rev. Stats., the debt owing the United States had preference over the debt owing to the State of New York in a distribution of the fund.

To the same effect is the holding in *United States v. Knott*, 298 U. S. 544.

But counsel for defendant says that sec. 70, ch. 3 of the statute of this State limiting the time within which claims must be filed against an estate, "is not a statute of limitations but merely classifies and states the period within which may be filed those claims and demands to which privileges are given in other sections of the act"; and that if the government would have its claim paid out of the inventoried assets of the Deutsch estate it must file its claim within one year from the granting of letters testamentary, as sec. 70 requires. And in support of this *Pufahl v. Estate of Parks*, 299 U. S. 217; *Hulburd v. Commissioner of Int. Rev.*, 296

U. S. 300; *Waughop v. Bartlett,* 165 Ill. 124; *People v. Small,* 319 Ill. 437; *United States v. Hailey,* 2 Idaho 22; *Brooks v. Federal Land Bank of Col.,* 143 So. 749, and other cases are cited.

In the *Parks* case, *supra,* Pufahl, as receiver of the Austin National Bank of Chicago, filed his claim in the probate court of Cook county, Illinois, against the estate of Parks, a former stockholder of the bank, to recover an assessment made by the Comptroller of the Currency against the stockholders of the bank. The claim was not filed within a year of the granting of letters testamentary; the claim was disallowed, and an appeal was taken to the circuit court of Cook county where there was a trial *de novo.* The claim was allowed as of the 6th class under sec. 70, ch. 3, to be paid out of any assets that might subsequently be inventoried. On appeal to the Appellate Court the judgment was affirmed—283 Ill. App. 95. The case was then taken directly to the Supreme Court of the United States, where the judgment was affirmed. The court there said: ''In the absence of federal legislation giving priority to a claim for an assessment of stockholders' liability over other debts, or a lien upon the assets of a deceased stockholder's estate, or a special remedy, the claim is not entitled to distribution otherwise than as specified in a nondiscriminatory statute of the domicile.'' We think it clear that case is not in point. The claim there made was not a claim by the government for itself but by the receiver of a National bank for the benefit of the depositors or creditors of the bank. There was no statute giving priority to the claim, while in the instant case the claim is made on behalf of the government for taxes which are a debt due to it, and under sec. 3466, ''debts due to the United States shall be first satisfied.''

In the *Hulburd* case (296 U. S. 300) the facts are in no way analogous to the case before us. There, a claim

was made before the Board of Tax Appeals after the estate had been closed and settled by the probate court of Cook county, and sec. 3466 was in no way involved. In the case before us the claim was filed in the probate court while the estate was still in process of administration by that court. The authorities from Illinois cited are to the effect that the provision of sec. 70, requiring claims to be filed in the probate court within one year from the date of the issuance of letters testamentary, is not a general statute of limitations, but is a specific act for the purpose of facilitating the early settlement of estates. But we think those cases are not in point here because the federal statute expressly provides that debts due the United States Government shall be first satisfied, and under the authorities which we have discussed, the payment of the claim was not limited to assets subsequently inventoried.

In the *Hailey* case (2 Idaho 22) it was held that "When the United States is compelled to come into court to enforce its rights it must come in as any other suitor (*Mitchell v. United States,* 9 Pet. 743.) And the proceedings in such action must be in accordance with local laws in force at the time."

In the *Brooks* case (143 So. 749) the Supreme Court of Florida held in a suit brought by the Federal Land Bank of Columbia to foreclose a mortgage on Florida land, that a good defense was set up in the answer, which alleged that the claim had not been filed against the estate of the deceased mortgagor within the time required by the statute of Florida. And since the claim had not been filed within the two years provided by the local statute, it was barred. The court said (p. 752) : "It is contended that the note and mortgage sought to be foreclosed are instrumentalities of the United States, therefore the statute of nonclaim does not operate against such note and mortgage. It is argued that the Federal Land Bank of Columbia, cre-

ated by the Federal Farm Loan Act enacted by Congress in 1916 (12 USCA sec. 641 *et seq.*) is a federal agency, and the act creating it expressly provides that first mortgages issued under the provisions of the act shall be deemed and held to be instrumentalities of the government of the United States, and that such instrumentalities of the United States are not affected by the statute of nonclaim.

"It is quite clear why any statute which seeks to define the duties and control the conduct of any United States' governmental agency created for a public purpose, or a United States' instrumentality existing pursuant to the activities of such an agency, would be considered to be invalid if such state legislation frustrated the purpose or impaired the efficiency of such instrumentalities or agencies; but such a doctrine is not applicable here. Even if it may be considered that the mortgage in this case and the note which the mortgage was given to secure are instrumentalities of the United States, it is difficult to perceive the force of the reasoning which seeks to hold such instrumentalities to be unaffected by state laws. A mortgage in this state is a mere lien upon the property mortgaged. Is the United States exempt from that state law if its bank takes a mortgage upon real estate? . . .

"Such agencies like the complainant came into the state in competition with local banks and other business enterprises. If it makes a contract with a married woman, may it ignore the law of this state as to her contractual incapacity? . . .

"Perhaps the line is drawn at statutes of limitation and taxes on United States' property and activities of federal agencies in pursuit of a public purpose, which may be conceded. See *Federal Land Bank of New Orleans v. Crosland,* 261 U. S. 374."

Whatever may be said of the holding in the *Brooks* case, it is not controlling in the instant case because the

claim here is for taxes due the government. As said in the *Phillips* case, 283 U. S. 589, "The United States is not bound by state statutes of limitation unless Congress provides that it shall be." And no such federal statute has been pointed out. In the *Brooks* case the court referred to *Federal Land Bank of New Orleans v. Crosland,* 261 U. S. 374, where it was expressly held that a mortgage executed to a federal land bank is an instrumentality of the government and cannot be subjected to a State recording tax.

In *Pond v. Dougherty,* 92 Pac. 1035, it was held that the United States, being exempt from statutes of limitation, its claim against the estate of a deceased surety on a bond of the Collector of Internal Revenue was not barred because not presented as a claim against the estate under the provisions of the California code, which requires claims to be filed in a specific manner.

For the reasons stated, the judgment of the circuit court of Cook county is reversed and the cause remanded with directions to allow the claim as ordered by the probate court of Cook county.

*Reversed and remanded with directions.*

McSURELY, J., concurs.

MR. JUSTICE MATCHETT, J., dissenting: Because of the importance of the controlling question raised on this appeal I am constrained to dissent. The precise question arising on this record, as I see it, has not been decided. The right of the United States to a preference over other creditors on its claims for taxes (even over the State in whose courts it appears) is settled by decisions of the State and Federal courts as illustrated in *Matter of Lincoln Chair & Novelty Co.,* 274 N. Y. 353, and *Company of Spokane v. United States,* 279 U. S. 80. Many similar cases might be cited. The Government frankly asks an extension of the rule announced in those cases. By section 70 of chapter 3 of

the Illinois Statutes the Legislature has provided that all claims of whatever class and all demands exhibited to the probate court within one year from the granting of letters shall be forever barred as to all property of the estate which has been inventoried or accounted for by the executrix or administrator, and any claims filed after the year are to be paid only out of subsequently inventoried assets. This statute is not a statute of limitations. It is an integral part of an act of the Legislature of Illinois designed to create positive property rights and titles in all estates of which the decedent was possessed or seized at his death. The Supreme Court of Illinois has so construed the act in *Peacock v. Haven,* 22 Ill. 23; *Waughop v. Bartlett,* 165 Ill. 124, and many other cases. Even the sovereign State of Illinois submitting its claim to the courts is bound by this statute to the same extent as the humble citizen. *People v. Small,* 319 Ill. 437. The Supreme Court of the United States has approved of this construction of the act in *Hulburd v. Commissioner of Int. Rev.,* 296 U. S. 300, and *Pufahl v. Estate of Parks,* 299 U. S. 217. The question here is whether upon submitting its claim to the probate court against an estate the United States is bound by the law of the forum to which it has appealed. Its right to a preference is not questioned. Cases cited to that proposition are not in point. The State law was enacted pursuant to the powers reserved to the States under Article V, Amendment X of the Constitution of the United States. The United States may, by statute, create a preference for its own claims on account of taxes. It is not necessary to the exercise of that power that it should disregard the legislation of the State of Illinois which determines the devolution of estates. The question is important—either directly or indirectly affecting all property within the State which now is or hereafter may be brought within the jurisdiction of the probate court or county court. If

anything at all is left of the powers reserved under the Constitution to the States, it would seem the Government should be bound by the local law as is the State and its citizens. *United States v. Hailey,* 2 Idaho 22, is directly in point and (while distinguishable on the facts) the opinions of the Supreme Court of the United States in *Hulburd v. Commissioner of Int. Rev.,* 296 U. S. 300, and *Pufahl v. Estate of Parks,* 299 U. S. 217, seem to be consistent with this view.