## UNITED STATES v. ANDERSON.
### Civil Action No. 154.

District Court, D. Minnesota,
Second Division.
July 23, 1946.

———◆———

Victor E. Anderson, U. S. Atty., and William P. Murphy, Asst. U. S. Atty., both of St. Paul, Minn., for the United States.

Finstad & Ruenitz, of Windom, Minn., for defendant.

NORDBYE, District Judge.

The relevant and material facts may be summarized as follows: The United States of America, plaintiff herein, owns and possesses through the Federal Housing Administration a valid promissory note signed by Charles Anderson and his wife, Gerda Anderson. Both Andersons died early in 1941, and no payments have been made on the note since their deaths. The final decrees of distribution have been made for the estates of both Andersons. The probate proceedings have been closed. The Government filed no claim against either estate during the four-month period allowed for the filing of claims by Sections 525.41 and 525.411 of Minnesota Statutes of 1941 and the court order made pursuant thereto. The probate court for Cottonwood County, in which the estates were admitted to probate, has denied the Government's petition to vacate the final decree of distribution and for leave to file its claim therein.

The Government now seeks to recover from defendant, the Andersons' only child and heir, the $519.75 plus interest at the

rate of six per cent from February 25, 1941, which is the admitted amount due upon the note. Defendant was administrator of his parents' estate and received all of their property exceeding $9,000 under the final decree of distribution. The Government claims, therefore, that he, as sole heir, holds the amount due on the note in trust for it. There is no dispute over the material facts. But two issues of law arise over the undisputed facts: (1) Can the United States recover from the estate's sole distributee on a debt owed to it by the deceased even if the United States failed to file its non-contingent claim against the estate within the period required by the state statute and the probate court order made pursuant thereto? (2) Can the United States recover herein even though the probate court refused to vacate the final decree of distribution and permit the filing of the Government's claim in the probate proceeding? Both questions must be answered affirmatively.

■ In United States v. Summerlin, 1939, 310 U.S. 414, 60 S.Ct. 1019, 1021, 84 L.Ed. 1283, the United States Supreme Court unanimously held that the United States is not subject to statutes like Sections 525.41 and 525.411, which limit the time for creditors to file their claims against an estate, and that " * * * the United States still has its right of action against the administrator, even though the probate court is to be regarded as having no jurisdiction to receive a claim after the expiration of the specified period." "It is well settled," the court held at page 416 of 310 U.S., 60 S.Ct. at page 1021, 84 L.Ed. 1283, "that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights." If the statute undertakes to invalidate the claim of the United States so that it cannot be enforced at all because not filed within the required time, it exceeds the state power. United States v. Summerlin, supra. This rule and this case were recognized expressly by the Minnesota Supreme Court when interpreting the sections in question in In re Paulson's Estate, 1940, 208 Minn. 231, 293 N.W. 607. In a dictum at page 234 of 208 Minn., at page 609 of 293 N.W., Justice Stone said for a unanimous court, in referring to said sections, "It probably does not affect claims in favor of government, state or national." (Citing the Summerlin case.)

■ Thus, it seems clear that the Government's failure to file its claim during the time required by the state statutes and court order does not defeat its right to enforce its claim, as in the Summerlin case, against the administrator of the deceased. Like reasoning sustains the conclusion that the Government's failure to file the claim prior to the final decree of distribution and discharge of the administrator is unimportant to its rights against the heir.

■ The Government here does not seek to enforce its rights against the estate. It seeks to enforce a trust. It contends that the heir holds an amount equal to the claim in trust for it. It is well settled that a court of equity may enforce an express or a constructive trust. Because this Court's jurisdiction is derived from the Federal Constitution and statutes, not state law, its power to entertain this case under its equity functions and also its right to exercise that jurisdiction here cannot be doubted. The trust which the Government seeks to impress upon the funds which defendant received from his parents' estates, and the Federal Court's right and power to grant it, has been recognized and permitted by the United States Supreme Court upon several occasions. Waterman v. Canal-LaBank Co., 1909, 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Borer v. Chapman, 1886, 119 U.S. 587, 7 S.Ct. 342, 30 L.Ed. 532; United States v. Summerlin, 1939, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283, and cases cited therein. The Federal Court's right to act is established.

Defendant does not claim that the money was not owed by his parents or that it was not due. The more than $9,000 he received from the estates is more than sufficient to pay the amount claimed. There is no claim made which would prevent the imposition of a trust in this case upon the funds in his hands received from the estate.

■ Moreover, the fact that the probate court refused to reopen the estates after final decree does not affect the rights and relief sought here. The issues before the probate court were not like those presented here. The determination by that court did not go to the merits; it went only to the question of whether the decree should be vacated, which was a preliminary matter.

In view of all the premises, plaintiff's motion for summary judgment against the defendant for the sum of $519.75 with interest at the rate of six per cent from February 25, 1941, together with its costs and disbursements, must be granted. It is so ordered.

An exception is reserved to the defendant.