## UNITED STATES v. LUCE.
### Civ. No. 2687.

District Court, D. Minnesota,
Fourth Division.
April 30, 1948.

Charles S. Bellows, of Minneapolis, Minn., for William L. Luce, II, in support of said motion.

Victor E. Anderson, U. S. Atty., and T. H. Wangensteen, Asst. U. S. Atty., both of St. Paul, Minn., appeared in behalf of the United States of America.

NORDBYE, District Judge.

On this motion the following facts seem pertinent. It is the claim of the Government in its complaint that one Earl D. Luce during his lifetime was an employee of the Office for Emergency Management, Office

of Civilian Defense, an agency of the United States, from August, 1942, to January, 1943; that he became indebted to the United States by reason of overpayment made him by the Government during this period of service on account of per diem and other expenses incident to travel performed as such employee. It appears that on or about July 2, 1946, the Government wrote to Earl D. Luce regarding the amount claimed to be due. On July 6, 1946, Earl D. Luce died, and on July 15, 1946, attorneys for his estate wrote to the Treasury Department as follows:

"As attorneys for the late General Erle D. Luce, Brigadier General, Retired, your letter of July 2, 1946, has been referred to us.

"As yet the Will in this estate has not been admitted to probate, although the matter will be before the Probate Court of Hennepin County, State of Minnesota. We will give this matter our attention, but if there is a claim against the estate a Proof of Claim to such effect should be filed in the above probate court by the government."

On or about July 19, 1946, defendant William L. Luce, II, filed a petition with the Probate Court of Hennepin County for the probate of decedent's last will and testament, and on August 20, 1946, he was appointed Administrator C.T.A. The Government did not file any claim with the Probate Court, but on February 27, 1947, a so-called certificate of settlement was sent to William L. Luce, II, as administrator of the estate, in which it was claimed that the estate was indebted to the United States in the sum of $241.30. The attorneys for the administrator acknowledged receipt of the certificate of settlement on behalf of the administrator as follows:

"We are in receipt of Certificate of Settlement dated February 27, 1947, in the above estate for which we are the attorneys. We have no information relative to this matter and we wish to inform you that the date for filing claims here in the Probate Court, Hennepin County, State of Minnesota, expired February 19th, 1947, therefore the Administrator is not authorized to make this payment unless such claim be filed and allowed in the Probate Court.

"We wish to cooperate with you in every possible way, but without authority of the court, and without further information as to this claim we are unable to satisfy it at the present time."

The final account of the Administrator was filed on April 10, 1947, and a hearing thereon was had on April 30, 1947. It appears that the estate was insolvent, and all of the residue of the estate after payment of administrative expenses, etc., was paid to the creditors. The account of the Administrator indicated that he was charged with the sum of $25,785.74 and credited with payments to the extent of $25,785.74. Of the amount paid out, some $18,696.27 was paid to a claimant of which the defendant William L. Luce, II, was then an officer and director. Moreover, it appears that the sum of $1,696.27 was paid by the Administrator to this creditor on May 3, 1947, which was some two months after the Administrator had received formal notice of the Government's claim. The time to file claims in the Probate Court expired on February 19, 1947, and no claim was filed by the Government prior to that time. The Government now seeks to hold the defendant as Administrator and individually for the amount claimed to be due it as set forth in its so-called certificate of settlement. The Government bases its right to proceed against the Administrator by virtue of Sections 191 and 192, Title 31 U.S.C.A., which are as follows:

"Section 191. Priority established. Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.

"Section 192. Liability of fiduciaries. Every executor, administrator, or assignee, or other person, who pays, in whole or in

part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

There are some principles involved which are well settled:

■ I. The Minnesota statutes limiting the time for creditors to file claims with the Probate Court have no application to the United States. United States v. Summerlin, 310 U.S. 414; 60 S.Ct. 1019, 84 L.Ed. 1283; United States v. Anderson, D.C., 66 F.Supp. 870.

■ II. The failure of the United States to file its claim against the decedent's estate with the Probate Court within the statutory period provided by state law will not deprive the Government of its right to proceed against the Administrator to enforce the payment of its claim. United States v. Summerlin, supra; United States v. Anderson, supra.

■ III. The United States is not responsible for any laches or delay of its agents in the enforcement of its rights. United States v. Summerlin, supra.

■ But the defendant Luce argues that he was not a distributee of the estate; that there is now no estate in his hands, and the estate being insolvent, all of the residue of the estate after payment of the expenses was paid to the creditors who had formally filed their claims with the Probate Court. He urges, therefore, that as yet the Government only has a claim and that the statutes referred to pertain to debts which are fixed and owing and therefore have no application. However, it is to be doubted that defendant Luce's attempt to avoid the application of the statutes referred to can be sustained. He was formally notified by the Accounting Office of the Treasury Department of the United States that the Government had a claim against the decedent in the sum of $241.30. He was bound to know that the mere fact that the time to file claims had expired did not prevent the Government from enforcing its claims upon the estate. At the time he received formal notice of this claim, he was still the Administrator and had moneys in his hands as to which he knew the Government would have priority under the statutes referred to if its claim were established. Moreover, he is bound to know that the Government was not required to file its claim with the Probate Court and could proceed against him in a plenary suit to establish its claim. United States v. Summerlin, supra. And he therefore is charged with the knowledge that if he personally paid out the money in his hands to the nonpriority creditors after being presented with the Government's claim, he, himself, might be responsible. It would seem, therefore, that if vitality is to be accorded to the principle that the Government can enforce a claim against the estate of a decedent without the formal filing of the claim with the Probate Court, then it must follow that, upon the Administrator's being served with notice of the Government's claim, it is tantamount to the filing of a claim with the Probate Court, and until the claim has been adjudicated the Administrator pays out any moneys of the estate thereafter at his peril. And if it should be established that the Government has a prior claim to such moneys by virtue of the statutes referred to, he is personally responsible. Defendant stresses the fact that the Government only has a claim and that until a debt due the Government from the estate became fixed, the Administrator could pay out moneys of the estate to nonpriority creditors with impunity. But is that contention sound? Assume that the Government had formally filed its claim with the Probate Court within the period allowed for filing claims, but before its claim was finally adjudicated by the Probate Court, the Administrator paid moneys of the estate to nonpriority creditors to the prejudice of the Government's rights under the statutes referred to. Under such circumstances, it would seem that there would be no doubt as to the Administrator's liability. Here, instead of filing its claim with the Probate Court, the Government filed it with the Administrator when he had sufficient moneys in his hands to pay the claim and when, under the law, the Government could enforce

its claim against the estate regardless of the expiration of the time to file claims with the Probate Court. No distinction should be made between the two situations so far as the Administrator's responsibility is concerned. This view finds support in the dictum found in United States v. Pate, D.C., 47 F.Supp. 965, 968, wherein the court stated: "* * * Had the Government seen fit to do so, it could have held aloof from said proceedings and given the administrator notice of its claim, and then he, at his peril, would have been bound to see that the priority rights of the Government were fully protected. Field v. United States, 9 Pet. 182, 9 L.Ed. 94; United States v. First Huntington Nat. Bank, D.C.S.D.W.Va., 34 F.Supp. 578; First [Huntington] Nat. Bank v. United States, 4 Cir., 117 F.2d 376."

In the instant situation, it appears that the Administrator, notwithstanding notice of the Government's claim filed with him, paid out the sum of $1,696.20 to a nonpriority creditor. In the letter of his attorneys acknowledging receipt of the claim, it appears that the Administrator stated that he was unable to satisfy the claim without authority of the court. This proceeding now being commenced is for the purpose of obtaining authority of the Court, first, to obtain adjudication of the Government's claim, and second, if established, to require that the Administrator be personally responsible therefor.

On this showing, it is the Court's view that the motion of defendant Luce for dismissal on the grounds urged cannot be sustained. The motion, therefore, will be denied. It is so ordered.