UNITED STATES of America

v.

Elsie Maud SNYDER, as Executrix and Residuary Legatee under the Will of Philip S. Neison, Deceased, a/k/a Philip Sheridan Neison.

Civ. A. No. 25880.

United States District Court
E. D. Pennsylvania.

April 30, 1962.

Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

George H. Class, Media, Pa., for defendant.

JOHN W. LORD, Jr., District Judge.

Both parties have filed motions for summary judgment. The facts are uncontroverted. Philip S. Neison, the decedent, was separated from his employment on the Pennsylvania Railroad on January 31, 1941. Pursuant to § 2(c)(1) of the Railroad Retirement Act of 1937, he applied for and was granted an annuity. The Act specifies that an employee shall "be eligible for annuities after they shall have ceased to render compensated service to any person." 45 U.S.C.A. § 228b(a).

Philip Neison received annuity payments from February 1, 1941 to October 31, 1943 in the sum of $3,960.00. Contrary to the conditions under which the annuity was granted, he was gainfully employed by the Norwood Building and loan Association located in Prospect Park, Pennsylvania.

Philip Neison died testate on November 29, 1943. Under the will, the defendant, Elsie Maud Snyder, was both appointed the executrix and made the residuary legatee. The will was probated in the Orphans' Court of Delaware County, Pennsylvania with Final Decree of Distribution on September 25, 1945 after a will contest between defendant and other heirs of the decedent. As residuary legatee the defendant received the sum of $4,475.55.

The government now wishes to recover the annuity payments made to the decedent while alive. The total sum of $3,960.00 paid has been reduced to $3,-372.00 by the expedient of withholding the lump sum death benefits payable under the Act. The government seeks to recover the remainder from the residuary legatee, the defendant herein.

The defendant, on the other hand, argues that she should not be ordered to restore to the United States the amount of annuity payments since she has, as executrix, made distribution of the funds of the estate according to the Decree of Distribution of the Delaware County court.

The issue that is raised for decision in this case is whether or not a legatee under a will can be pursued for debts owing the United States by the decedent many years after distribution of the estate in accordance with a decree of the state court.

This court is mindful of the seriousness with which we must consider motions for summary judgment. The court must assiduously search the pleadings and any affidavits presented to determine that no controverted questions of fact exist. See Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). None exist here. The legal question for determination is whether there is a legal duty on the part of the defendant to return the Railroad Retirement Act payments.

Preliminarily, there would be no question that if the decedent were alive he could be ordered to restore the payments made to him by the United States under the Railroad Retirement Act. 45 U.S.C.A. § 288b(a). United States v. Bush, 255 F.2d 791 (3rd Cir. 1958). However, the difficulty arises here because of the delay of the United States to enforce its rights to the payments by an action against the residuary legatee.

The priorities accorded the United States by Congressional action, 31 U. S.C.A. §§ 191, 192, are not affected by statutes of limitations or laches. Mr. Justice Hughes speaking for the majority in United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940), restates the many cases similarly holding (p. 416, 60 S.Ct. p. 1020):

"It is well settled that the United States is not bound by state statutes of limitation or subject to the de-

fense of laches in enforcing its rights."

The specific problem presented in this case—filing a claim after the estate has been distributed according to state probate procedures—was examined and decided in the case of United States v. Anderson, 66 F.Supp. 870, 871 (D.Minn. 1946), where the court stated:

"Thus, it seems clear that the Government's failure to file its claim during the time required by the State statutes and court order does not defeat its right to enforce its claim * * * against the administrator of the deceased. Like reasoning sustains the conclusion that the Government's failure to file the claim prior to the final decree of distribution and discharge of the administrator is unimportant to its rights against the heir."

Although the Supreme Court in United States v. Summerlin, supra, expressly refused to decide the issue as to whether a plea of plene administravit would be a bar to a suit such as this, we find the reasoning of District Judge, now Circuit Judge, Kalodner, in United States v. Weisburn, 48 F.Supp. 393, 397 (E.D.Pa. 1943), apposite to the instant case. In Judge Kalodner's opinion he said:

" * * * it must be stated that neither a discharge of an executor of an insolvent estate and approval of his account nor the distribution of assets, relieve him from liability and debts due the United States."

Thus, this court finds that the unique rights of the United States were not affected by the Decree of Distribution of the Orphans' Court of Delaware County where the United States did not appear in or become a party to the proceedings. Viles v. Commissioner of Internal Revenue, 233 F.2d 376 (6th Cir. 1956).

Finally, the right of the United States to regain the improper payments from the residuary legatee has been decided favorably to the United States. United States v. Munroe, 65 F.Supp. 213 (W.D.Pa.1946). The United States may impress a trust on the funds in the hands of the residuary legatee which were not properly a part of the decedent's estate. United States v. Anderson, 66 F.Supp. 870 (D.Minn.1946). See also Waterman v. Canal-Louisiana Bank Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80 (1909).

 For the foregoing reasons, it is the ruling of this Court that the United States' Motion for Summary Judgment against the defendant for the sum of $3372.00 with interest, together with costs and disbursements, should be granted and the Motion of the defendant for Summary Judgment should be denied and it is so ordered.