In the Matter of the Estate of Ernest J. McBride, Deceased.
United States of America, Appellee, v. Shirley I. McBride, Administrator, Appellant.

**Gen. No. 52,491.**

First District, Fourth Division.

May 14, 1969.

Rehearing denied June 16, 1969.

Cummings & Wyman, of Chicago (Stanley M. Cahn, of counsel), for appellant.

Thomas A. Foran, United States Attorney, of Chicago (George E. Faber, Assistant United States Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

This appeal is taken by the administrator of the estate of Ernest J. McBride from an order of the Probate Division of the Circuit Court granting leave to file and allowing the supplemental claim of the United States for unpaid federal income taxes, interest and penalties. The facts are not in dispute.

Ernest J. McBride died on September 26, 1963. His widow, Shirley McBride, was appointed administrator of the estate on October 15, 1963, and letters of administration were issued to her on that date. The administrator's original inventory was filed and approved on January 22, 1964, listing assets of $3,600.

The Internal Revenue Service filed a claim on July 8, 1964, for $19,426.18 for income and social security taxes due from the decedent for the year 1963, together with interest. The claim was allowed in full on August 24, 1964. After a subsequent challenge by the administrator and after a hearing, the claim of the United

States was allowed, upon stipulation, in the amount of $5,545.20, on April 25, 1967.

In the interim, on January 27, 1965, the administrator filed a Supplemental Inventory listing assets known to be of a value of $5,278.46 and other assets of unknown value but presumed to be minor. On December 7, 1965, the administrator filed a Second Supplementary Inventory listing assets of an additional value of $20,883.08; the inventory was approved as of that date.

Publication for claims was ordered and notice published in the Chicago Daily Law Bulletin on December 15, 22 and 29, 1965. The notice designated the first Monday in February 1966 as the last day for the filing of claims. On April 25, 1967, the United States sought leave to file its "Supplemental Claim No. I," for unpaid federal income taxes, interest and penalties due from decedent for the years 1956 through 1962 in the aggregate amount of $553,516.51. On June 1, 1967, over the objections of several creditors of the estate, an order was entered granting leave to the United States to file its "Supplemental Claim No. I," and allowing same against previously inventoried assets as a third class claim in the amount of $545,085.83. It is from this order that the administrator appeals.

Opinion

It is undisputed that the Supplemental Claim of the United States was filed after the expiration of the claim date in the publication notice.

Section 191 of Title 31 of the United States Code provides:

> Whenever . . . the estate of any deceased debtor, in the hands of the executors or administrators is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; . . . .

Section 204 of chapter 3 of the Ill Rev Stats provides:

If after 9 months from the issuance of letters testamentary or of administration, the executor or administrator files an inventory listing estate not previously inventoried and thereafter the clerk of the court publishes once each week for 3 successive weeks a notice informing all persons that claims may be filed against the estate of the decedent on or before a date as designated in the publication (the designated date to be the first Monday in the second month following the month in which the first publication is made), all claims not filed on or before the designated date are forever barred as to the estate listed in such inventory.

The administrator argues that section 191 of Title 31, USC, is unconstitutional as being in violation of the Tenth Amendment of the Constitution of the United States [1] if it is interpreted as extending the time for filing a claim of the United States after the expiration of the time limits of a state statute.

██ It is undisputed that the State has the power under the Tenth Amendment to control and regulate the administration of decedents' estates. Petition of Worcester County Nat. Bank of Worcester, 263 Mass 444, 162 NE 217 (1928), affd 279 US 347 (1929); People ex rel. First Nat. Bank of Joliet v. Brady, 271 Ill 100, 110 NE 864 (1915). But Congress has the power to lay and collect taxes "to pay the Debts and provide for the common Defence and general Welfare of the United States." (Constitution of the United States, art 1, § 8.) Section 191 of Title 31 has been held to be constitutional, under that clause, as creating a preference even when contrary to

---

[1] AMENDMENT X TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA:

The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

state statutes classifying claims, In re Kuhn's Estate, 146 Pa Super 1, 21 A2d 513 (1941). Further, in U. S. v. Summerlin, 310 US 414, the United States had a claim against an estate of which Summerlin was the ancillary administrator. The Florida statute provided that any claim not filed within eight months of the first notice of publication was void. In reversing the judgments of the state courts disallowing the claim because of late filing, the United States Supreme Court stated at page 416:

> It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights. United States v. Thompson, 98 US 486; United States v. Nashville, C. & St. L. Ry. Co., 118 US 120, 125, 126; Stanley v. Schwalby, 147 US 508, 514, 515; Guaranty Trust Co. v. United States, 304 US 126, 132; Board of Commissioners v. United States, 308 US 343, 351. The same rule applies whether the United States brings its suit in its own courts or in a state court. Davis v. Corona Coal Co., 265 US 219, 222, 223.

In Illinois, the case of Harrison v. Deutsch, 294 Ill App 8, 13 NE2d 511, is determinative of the issues in the instant case. There the Collector of Internal Revenue filed a claim for income taxes after the expiration of the time limit for filing claims. Defendant urged that the claim was not allowable from assets already inventoried but was restricted to assets subsequently inventoried. The court held that the government claim was entitled to its preferential status regardless of the late filing and was not to be limited to subsequently inventoried assets. The dissenting judge was of the opinion that the government should be bound by the law of the forum and that its claim should have been allowed only against assets subsequently inventoried. The administrator in the in-

stant case argues that this dissenting opinion was subsequently adopted or at least cited with approval by the Illinois Supreme Court in In re Estate of Bird, 410 Ill 390, 396, 102 NE2d 329, where the court held that the State of Illinois cannot claim against previously inventoried assets unless its claim is filed within the time fixed by statute. While the court applied the language and the argument of the Deutsch dissent to the State claim, it did not adopt or approve that language as applied to a claim of the United States.

■ Therefore we hold that the ruling of the trial judge was proper under the majority opinion in Deutsch. The United States can collect its tax debt from the previously inventoried assets of the state even though the claim was filed after the expiration of the time limit of the state statute.

The second contention urged by the administrator is that the order appealed from reflects a construction and application of section 191 of Title 31 which the Congress did not intend.

Section 192 of Title 31 of the United States Code is in pari materia with section 191 (U. S. v. Western Union Tel. Co., 50 F2d 102 (NY)) and provides:

Every executor, administrator . . . who pays, in whole or in part, any debt due by the . . . estate . . . for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

■ Since an executor or administrator is personally liable if he distributes an estate before paying federal taxes of which he has knowledge (U. S. v. Luce, 78 F Supp 241 (DC Minn)), it follows that Congress intended that federal taxes were to be collected regardless of

strict time limitations of state statutes. U. S. v. Summerlin, supra. (See also an article in the March 1969 issue of the Illinois Bar Journal, page 574, entitled "Fiduciary Liability for Federal Taxes of the Decedent.")

The administrator's final contention is that the probate judge had no jurisdiction to allow the claim of the United States against previously inventoried assets. The unlimited original jurisdiction of the Circuit Court is conceded. It would be anomalous to hold that the United States had a live and valid claim which it could not enforce. Section 204 of chapter 3, Ill Rev Stats, does not determine the power of the court to hear a claim; it merely sets time limits on filing claims where an inventory listing estate not previously inventoried is filed. The trial court had jurisdiction.

The order of the Circuit Court is affirmed.

Affirmed.

ENGLISH and STAMOS, JJ., concur.