STATE OF IDAHO ex rel. Wayne L. SOWARD, et al., Plaintiffs,

v.

UNITED STATES of America, the INTERNAL REVENUE SERVICE, et al., Defendants.

Civ. No. 85–1501.

United States District Court, D. Idaho.

May 4, 1987.

---

Richard H. Greener, Michael T. Spink, P. Richard Rayhill, Clemons Cosho & Humphrey, P.A., Boise, Idaho, for plaintiffs.

Maurice O. Ellsworth, U.S. Atty., D. Idaho, F. Michael Kovach, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER

RYAN, District Judge.

## I. INTRODUCTION

This is an interpleader action brought by the State of Idaho on behalf of Wayne Soward, who is the Director of the Department of Insurance for the State of Idaho, and who has been named the liquidator for Pacific Insurance Agency, Inc., and Pacific Insurance Administrators Agency, Inc. The question presented in this action is whether the claims of the United States Internal Revenue Service (IRS) receive their priority status in the underlying liquidation proceeding pursuant to Idaho Code § 41–3342 or 31 U.S.C. § 3713. A secondary issue is whether, if 31 U.S.C. § 3713 applies, post-assignment tax, interest and penalties may be included in the claim of the IRS. This case has been submitted to the court on stipulated facts.

The liquidation proceeding is being conducted in the Fourth Judicial District of the State of Idaho. Numerous individuals and entities have made claims in the liquidation proceeding. The IRS filed a claim on May 31, 1983, which has been amended several times to include additional taxes, interest and penalties. Idaho Code § 41–3342 establishes a priority of payment to classes of claimants. Federal, state and local government claims are relegated to a class five status. Costs and expenses of administration, debts due to employees, claims made by insureds, claims for premium refunds and claims of general creditors are paid before claims brought by governmental entities. Title 31, U.S.C. § 3713 provides that claims of the U.S. shall be paid first when a person is indebted to the government, is insolvent, and makes a voluntary assignment of property without enough property to pay all debts, the property is attached or an act of bankruptcy is committed.

The IRS asserts in the underlying action that 31 U.S.C. § 3713 mandates that the IRS claim be paid before any other claims. The State of Idaho asserts that the McCarran-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, prevents the federal priority statute, 31 U.S.C. § 3713, from superseding state law and that 31 U.S.C. § 3713 is not applicable to this case in any event.

## II. ANALYSIS

A. *Idaho Insurance Code, Title 14, Chapters 1–43 of Idaho Code*

Chapter 33 of Title 41 of the Idaho Code is entitled "insurers' supervision, rehabilitation and liquidation." This Act was adopted from a model act drafted by the National Association of Insurance Commissioners, that body partially responsible for the McCarran-Ferguson Act to be discussed below. Idaho Code § 41–3301(4) states that the purpose of the Act is to protect the interest of insureds, claimants, creditors and the public generally through early detection of a potentially dangerous condition of an insurer, improved methods of rehabilitation, enhanced efficiency in liquidation, equitable apportionment, increased jurisdiction and regulation of the insurance business as a whole.

The Department of Insurance has plenary power to intervene in the affairs of an insurer to avoid insolvency or to liquidate in the event insolvency is unavoidable. Idaho Code § 41–3309. The insurer and its agents are directed to fully cooperate with the director of insurance. Idaho Code § 41–3306. The stated purpose of any rehabilitation or liquidation is the protection of the rights of all interested parties.

Idaho Code § 41–3342 outlines the priority of distribution in the event of liquidation. Claimants are placed into classes and prioritized. Every claim in each class shall be paid in full or adequate funds retained for such payment before the members of the next class receive any payment. Class one is costs and expenses of administration. Class two is debts due to employees for services performed and benefits accrued. Class three includes all claims under policies for losses incurred. Class four includes claims under non-assessable policies for unearned premium or other premium refunds and claims of general creditors. Class five includes claims of the federal or any state or local government. Class six refers to late claims. Class seven relates to surplus or contribution notes, or similar obligations, and the premium refunds on assessable policies. Class eight refers to claims of shareholders or owners.

In the underlying liquidation proceedings, the claims of the IRS have been given a class five status.

### B. *Title 31, U.S.C. § 3713*

Title 31, U.S.C. § 3713 is entitled "priority of government claims." The statute provides that a claim of the United States Government shall be paid first when a person indebted to the government is insolvent *and* the debtor without enough property to pay all debts makes a voluntary assignment of property or property of the debtor, if absent, is attached or an act of bankruptcy is committed. The statute expressly does not apply to a case under Title 11 in bankruptcy.

The IRS claims that 31 U.S.C. § 3713 supersedes Section 41–3342 of the Idaho Code and elevates the IRS claim in the state insurance proceeding from a class five status.

### C. *McCarran-Ferguson Act, Title 15, U.S.C. § 1011, et seq.*

Prior to 1944, the states and the federal courts had recognized states' regulation in the area of insurance. However, in *United States v. Southeastern Underwriters Association,* 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440 (1944), the Supreme Court held that insurance transactions were subject to federal regulation. Soon thereafter, Congress enacted the McCarran-Ferguson Act to reverse the Supreme Court's decision and place back in the hands of the states regulation of the insurance industry.

The declaration of policy in the McCarran-Ferguson Act, Section 1011, declares that the continued regulation and taxation by the states of the business of insurance is in the public interest and that silence on the part of Congress shall not be construed to impose any barrier to the states. Section 1012(a) states that the business of insurance shall be subject to the laws of the states which relate to the regulation or taxation of such business. Section 1012(b) states that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance."

The State of Idaho argues that the McCarran-Ferguson Act applies to this case such that the Idaho priority statute is determinative.

### D. *Effect of McCarran-Ferguson*

■ The McCarran-Ferguson Act is a specific act which exempts the business of insurance from federal legislation unless that federal legislation specifically announces that it supersedes McCarran-Ferguson. Title 31 U.S.C. § 3713 is a statute of general application which makes no specific statement that it supersedes McCarran-Ferguson or is applicable to the business of insurance. Therefore, consistent with 15 U.S.C. § 1012(b), this court cannot construe that Act of Congress, 31 U.S.C. § 3713, to invalidate, impair or supersede

Idaho Code § 41–3342 since 31 U.S.C. § 3713 does not specifically relate to the business of insurance, provided that the court finds (1) 31 U.S.C. § 3713 will invalidate, impair or supersede Idaho Code § 41–3342 and (2) that Idaho Code § 41–3342 is enacted for the purpose of regulating the business of insurance.

It is beyond cavil that the application of 31 U.S.C. § 3713 to the federal government's claim in the liquidation proceeding underlying this litigation would invalidate, impair and supersede a portion of the state's priority statute by causing the federal government's claim to be paid first, potentially impairing the ability of the state to pay the claims in the other classes designated in the priority statute. The state law would be impaired.

The most contested issue in this litigation is whether the priority scheme in Idaho Code § 41–3342 relating to the liquidation of insurance companies is a state statute enacted for the purpose of regulating the "business of insurance." The Insurer's Supervision, Rehabilitation, and Liquidation Act, of which Idaho Code § 41–3342 is a part, comprises a portion of the general regulatory scheme in the State of Idaho over the insurance industry. The stated purpose of the Act is to protect the interest of insureds, claimants, creditors, and the public generally through regulating the insurance business with law relating to delinquency procedures and substantive rules over the entire insurance industry. See Idaho Code § 41–3301(4)(f). The state's regulatory scheme relates to the entire life of the particular insurance business, from the birth of a new insurance business through its activities and productive years and through the business's dissolution and death. The right of the state to regulate and control the insurance company should include the right to manage its dissolution and liquidation as part of the overall regulatory scheme.

■ This court is in accord with the court in *Washburn v. Corcoran*, 643 F.Supp. 554 (S.D.N.Y.1986). Therein, the court specifically found that the winding up of the affairs of insurance companies is part and parcel of the state act providing for a complex administrative and judicial system for regulating and liquidating domestic insurance companies. The court found that the laws providing for the rehabilitation, liquidation or dissolution of insurance companies are laws regulating the business of insurance. *Id.* at 556. This court holds that Idaho Code § 41–3342 is not superseded by 31 U.S.C. § 3713 and that the priority status of the claims of the United States in the underlying liquidation proceeding is determined by Idaho Code § 41–3342.

The other issues raised by the parties, whether 31 U.S.C. § 3713 is applicable to the liquidation proceedings by its very terms and whether, if 31 U.S.C. § 3713 applies, post-assignment tax, interest and penalties may be included in the claim of the IRS, need not be determined by the court. The court's determination that final distribution in the liquidation proceedings shall be in accordance with the priorities established by Idaho Code § 41–3342 by virtue of application of the McCarran-Ferguson Act, renders discussion of the remaining issues unnecessary.

### III. ORDER

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED, DECLARED AND ADJUDGED that the claims of the United States in the underlying liquidation proceeding receive their priority status, in that liquidation proceeding, pursuant to Idaho Code § 41–3342. By virtue of the application of the McCarran-Ferguson Act, as noted above, 31 U.S.C. § 3713 does not supersede Idaho Code § 41–3342.