James A. GORDON, Special Deputy State Insurance Commission of Maryland and Receiver, Eastern Indemnity Company of Maryland in Receivership, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF the TREASURY; W.E. Douglas, Commissioner, United States Department of the Treasury, Fiscal Service; Defendants–Appellees,

National Association of Insurance Commissioners; Illinois Insurance Guaranty Fund; Property and Casualty Insurance Guaranty Corporation; Wisconsin Insurance Security Fund; Texas Property and Casualty Insurance Guarantee Association; James T. Odiorne, in his capacity as Texas Ancillary Receiver for Eastern Indemnity Company, Amici Curiae.

No. 87–1703.

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1988.

Decided May 20, 1988.

Paul W. Grimm (David D. Gilliss, Jordan, Coyne, Savits & Lopata, on brief), for plaintiff-appellant.

Carole J. Olson, Nat. Ass'n of Ins. Com'rs, on brief, for amicus curiae Nat. Ass'n of Ins. Com'rs.

Thomas W. Jenkins, Hugh C. Griffin, Mark R. Goodman, Lord, Bissesll & Brook, on brief, for amici curiae Illinois Ins. Guar. Fund, Property and Cas. Ins. Guar. Corp., Texas Property and Cas. Ins. Guarantee Ass'n, Wisconsin Ins. Sec. Fund, and James T. Idiorne in his capacity as Texas Ancillary Receiver for Eastern Indem. Co. of Maryland.

Sandra P. Spooner, Deputy Director (Richard K. Willard, Asst. Atty. Gen., J. Christopher Kohn, Director, Civ. Div., Dept. of Justice, on brief), for defendants-appellees.

Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

PER CURIAM:

James A. Gordon appeals the district court's judgment that the United States, in its capacity as a policyholder, is entitled to priority of payment in the liquidation of an insolvent insurance company, Eastern Indemnity Insurance Company (EICOM). *See Gordon v. United States Department of the Treasury*, 668 F.Supp. 483 (D.Md. 1987). As Special Deputy State Insurance Commissioner of Maryland and Receiver for EICOM, Gordon contends that Maryland state law governing the priority of payment of such claims, Md.Ins.Code Ann. art. 48A, §§ 158, 158A (1986), constitutes state regulation of the "business of insurance" within the meaning of the McCarran–Ferguson Act of 1945, 59 Stat. 33, as amended, 15 U.S.C. §§ 1011–15 (1982), and should therefore preempt, by operation of 15 U.S.C. § 1012(b), the government's claim to priority under 31 U.S.C. § 3713 (1982).

The district court concluded that the liquidation of an insolvent insurance company and the determination of the priority of payment of claims against the insolvent do not constitute the "business of insurance" within the meaning of the McCarran–Ferguson Act. It therefore held that the government's claim under the federal priority statute could prevail over a contrary state regulation of the business of insurance companies without contravening 15 U.S.C. § 1012(b). Its decision was properly guided by the Supreme Court decisions in *Group Life & Health Insurance Co. v.*

*Royal Drug Co.*, 440 U.S. 205, 99 S.Ct. 1067, 59 L.Ed.2d 261 (1979), and *Union Labor Life Insurance Co. v. Pireno*, 458 U.S. 119, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982), construing the term "business of insurance." [1]

We reject Gordon's contention that the district court erred in relying on these opinions outside of the antitrust context. The Supreme Court's discussions of the definition of "business of insurance" in *Pireno* and *Royal Drug* are not, expressly or by logical implication, limited to the antitrust context. *See, e.g., Pilot Life Insurance Company v. Dedeaux*, —— U.S. ——, 107 S.Ct. 1549, 1553–54, 95 L.Ed.2d 39, 48–50 (1987) (whether Mississippi law of bad faith is state law regulating insurance); *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 743, 105 S.Ct. 2380–91, 85 L.Ed.2d 728 (1985) (applying similar preemption language to state mandated-benefits law).

We agree with the district court's application of *Pireno*'s first factor: for the reasons given by the district court, the risk of insurer insolvency is certainly qualitatively distinct from the risk the policyholder seeks to transfer in an insurance contract. *See* 668 F.Supp. at 489–90. In some contexts such as an insurer's liquidation, *Pireno*'s first factor (whether a practice has the effect of transferring or spreading the policyholder's risk) may justifiably play a preeminent role in the § 1012(b) analysis. However, it is not necessary to review the correctness of the district court's statement that the first of the *Pireno* considerations should be a categorically "indispensable" requirement for a finding that a practice constitutes the "business of insurance." *See* 668 F.Supp. at 490–91. The district court's characterization of this factor as indispensable was not necessary to reach the result it did; the court did discuss the other two factors elaborated in *Pireno*, correctly concluding that they also weighed in favor of its holding that Mary-

---

1. In *Pireno*, the Supreme Court set forth three factors relevant to whether a practice is part of the "business of insurance": whether the practice has the effect of transferring or spreading a policyholder's risk; whether the practice is an integral part of the policy relationship between the insurer and the insured; and whether the practice is limited to entities within the insurance industry. *Pireno*, 458 U.S. at 129, 102 S.Ct. at 3008–09.

land's regulation of the liquidation process of insurance companies, while perhaps the regulation of the business of insurers, was not the regulation of the "business of insurance" within the meaning of McCarran–Ferguson. *Id.* at 491; *see Royal Drug,* 440 U.S. at 211, 99 S.Ct. at 1073.[2]

We decline to decide whether the first factor of *Pireno* may in some instances or in all cases be an indispensable requirement for a finding that a certain practice constitutes the "business of insurance." In all other respects, we are satisfied with what the district court said, and we adopt as our opinion that of the district court, 668 F.Supp. 483 (D.Md.1987).

AFFIRMED.

---

**2.** *But see Idaho ex rel. Soward v. United States,* 662 F.Supp. 60 (D. Idaho) (failing to discuss *Pireno* or *Royal Drug* ), *appeal pending,* No. 87– 4057 (9 Cir.1987); *Washburn v. Corcoran,* 643 F.Supp. 554 (S.D.N.Y.1986) (same).