**Juan Antonio GARCIA, in his capacity as Insurance Commissioner of Puerto Rico, Plaintiff,**

v.

**ISLAND PROGRAM DESIGNER, INC., Defendant.**

**Civ. No. 91–1679 (GG).**

United States District Court, D. Puerto Rico.

April 21, 1992.

---

Jesus R. Rabell Mendez, Rossello–Rentas & Rabell Mendez, San Juan, P.R.

Yazmin Nadal Arroyo, Legal Advisor, Office of Ins. Com'r, Santurce, P.R.

Roberto A. Angueira, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for the I.R.S.

## OPINION AND ORDER

GIERBOLINI, Chief Judge.

This case requires us to rule on the issue of whether the liquidation proceedings of an insurance company initiated in the Superior Court of Puerto Rico by the Insurance Commissioner in his official capacity, qualifies as "business of insurance" as defined under the McCarran–Ferguson Act.[1] We also need to decide if under the McCarran–Ferguson Act, the Puerto Rico Insurance Code[2] takes precedence over the federal super-priority statute.[3]

Procedurally, the case is before us pursuant to a motion to remand filed by the Commissioner after the Internal Revenue Service filed a notice to remove the case to this court.[4]

## I. BACKGROUND

The facts of this case are uncontested. The Puerto Rico Insurance Commissioner, in his capacity as receiver to distribute the assets of an insolvent Health Maintenance Organization ("HMO"), Island Program Designer ("IPD"), commenced judicial proceedings in Superior Court of Puerto Rico, Bayamón Part, pursuant to the provisions of Chapter 40 of the Insurance Code of Puerto Rico, 26 L.P.R.A. § 4001 et seq.[5] On January 8, 1988, the local court entered an order extending the deadline to submit claims against the assets of IPD up to and including May 19, 1988. On June 1, 1989, the IRS filed its claims in the Office of the Insurance Commissioner of Puerto Rico. On July 5, 1990, the Insurance Commissioner filed in Superior Court a listing of the priority of claims submitted in the IPD's liquidation. Thereafter, he amended the list of priority claims and, clarified that only the claims filed prior to May 19, 1988, would be considered as timely filed.

The IRS, after receiving permission by the Superior Court, intervened in the case on May 24, 1991, seeking to collect monies owed by the insolvent insurer. The IRS claimed a preference with respect to all other parties, including policyholders, subscribers, providers of services, beneficiaries and insureds, pursuant to 31 U.S.C. § 3713(a)(1)(A) (federal priority statute)[6]. On May 28, 1991, the IRS filed a Notice of Removal to this court.

Plaintiff avers that the federal super-priority statute does not apply to the liquidation proceedings under the Puerto Rico Insurance Code, because the proceedings

1. 15 U.S.C. § 1011 et seq. (1988).

2. 26 L.P.R.A. § 4001 et seq.

3. 31 U.S.C. § 3713(a)(1)(A).

4. 28 U.S.C. § 1441(b).

5. Civil No. CS 87–509, Superior Court of Puerto Rico, Bayamón Part.

6. 31 U.S.C. § 3713 provides as follows in the pertinent part:

(a)(1) A claim of the United States shall be paid first when:
(A) a person indebted to the Government is insolvent and—
(i) a debtor without enough property to pay all assignment of debts makes a voluntary assignment of property;
(ii) property of the debtor is absent, is attached, or
(iii) an act of bankruptcy is committed[.]

are part of the "business of insurance" within the purview of the McCarran–Ferguson Act. Accordingly, he argues that Article 40.190, 26 L.P.R.A. § 4019, takes precedence over the federal priority statute, and is therefore not preempted by 31 U.S.C. § 3713, as claimed by the IRS. He further asserts that abstention under the doctrine of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), is proper because interpretation of a complex and specialized statute drafted to govern the insurance business in Puerto Rico is at issue here.

## II. DISCUSSION

■ As mentioned above, the first issue is whether the liquidation proceedings of an insolvent insurer are part of the "business of insurance" pursuant to the McCarran–Ferguson Act.

Facing similar circumstances, our Circuit in *González v. Media Elements, Inc.*, 946 F.2d 157 (1st Cir.1991) found that federal abstention was appropriate under the doctrine of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098 (1943). In *González*, the First Circuit set forth the policy for us to consider in considering to remand these causes of action:

> By enacting the Uniform Insurers Liquidation Act, 26 L.P.R.A. § 4001 *et seq.*, Puerto Rico has constructed a comprehensive framework for the liquidation of insolvent insurance companies and the resolution of claims against them. Continued federal litigation may disrupt Puerto Rico's regulatory system in three significant ways: (1) by taking jurisdiction away from the "central administrative forum" in which Puerto Rico's legislature intended to concentrate all 'claims against the corporation being liquidated, a method that promotes the orderly adjudication of same.' *Calderón v. Commonwealth Insurance Co.*, 111 D.P.R. 153 (1981); (2) by forcing the Puerto Rico Insurance Commissioner to dissipate the insolvent insurer's funds litigating a claim that could be settled more efficiently in the administrative forum; and (3) by creating the risk that Puerto Rico and the federal court will adopt different interpretations of the policy term at issue here, thus defeating the Commonwealth's interest in a consistent disposition of all claims against the insolvent insurer. *Id. at 157.* (Citations Omitted).

The intervenor's assertion that the liquidation proceedings are not part of the "business of insurance" or in the alternative, that the federal super-priority statute preempts any state priority statute is not availing and runs contrary to *González v. Media Elements, Inc.* IRS cites the trilogy of Supreme Court cases interpreting the "business of insurance" under the McCarran–Ferguson Act: *Union Labor Life Insurance Co. v. Pireno*, 458 U.S. 119, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982); *Group Life & Health Insurance Co. v. Royal Drug Co.*, 440 U.S. 205, 99 S.Ct. 1067, 59 L.Ed.2d 261 (1979); and *SEC v. National Securities, Inc.*, 393 U.S. 453, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969). However, the circumstances here are distinguishable from the above mentioned cases. As explained by the Sixth Circuit in *Fabe v. U.S. Dept. of Treasury*, 939 F.2d 341 (6th Cir.1991): "[u]nlike *National Securities*, *Royal Drug*, and *Pireno*, this case does not involve a third-party non-insurer seeking to avoid the provisions of federal law through the operation of the McCarran–Ferguson Act. Rather, it concerns a state law designed to protect the interest of the insureds in their relationship with insurers by providing assurances as to the reliability and enforcement of the policies issued. *See National Securities*, 393 U.S. at 460[, 89 S.Ct. at 568]." *Id.* at 351.

The cases of *State of Idaho ex rel. Soward v. United States*, 858 F.2d 445 (9th Cir.1988); and *Gordon v. United States Dept. of Treasury*, 846 F.2d 272 (4th Cir. 1988) are in conflict with *González v. Media Elements, Inc.*, of the First Circuit, cited above. Those cases also addressed the particular issue raised here and rejected the argument that states' liquidation priority statutes regulated the "business of insurance" within the scope of McCarran–Ferguson Act.

With deference to the Fourth and Ninth Circuits we follow the precedent established in 1991 by our Circuit in *González*, that explicitly found those liquidation proceedings of an insolvent insurer under the Puerto Rico Insurance Code, are part of the "business of insurance". This ruling governs the instant case not only because it is a First Circuit case, but also because it specifically deals with the point at issue here. We only add that those cases failed to discuss whether the federal statute supersedes or not the McCarran–Ferguson Act.

■ This is not the end of our inquiry, since we must now resolve the second issue of whether the federal super-priority statute, supersedes the McCarran–Ferguson Act. The state law at issue here is the Puerto Rico Insurance Code, an intricate and highly specialized administrative system, adopted by the Commonwealth of Puerto Rico to regulate the life of insurance companies from incorporation to dissolution pursuant to the McCarran–Ferguson Act. Chapter 40 of this code provides a comprehensive program for the rehabilitation and liquidation of domestic insurance companies in Puerto Rico and includes the Uniform Insurers Liquidation Act, contained in sections 4008 to 4014. Said regulation is crucial for consumer protection because insurance companies are not subject to federal bankruptcy proceedings. For this reason, federal courts have often abstained from considering such causes of action, in deference to the state's interest in this matter. *See Fabe, supra*, 939 F.2d at 346–47; *citing Grimes v. Crown Life Insurance Co.*, 857 F.2d 699 (10th Cir. 1988), cert. denied, 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 934 (1989).

The purpose of the Puerto Rico's Liquidation Priority Statute is to provide a uniform procedure for the Commissioner to request the liquidation of the assets of insolvent insurance companies in Superior Court of Puerto Rico, under several grounds set forth in the statute. 26 L.P.R.A. § 4002 (Article 40.020). Section 4012 of the statute, establishes the priorities for payment of claims, as defined by section 4007. Under § 4012, all claims submitted against an insolvent insurance company are prioritized.[7] Furthermore, § 4019 of the Liquidation Proceedings statute provides the period of time in which the submission of claims against the insolvent insurer are allowed. This statutory section provides that after the insurer is finally declared insolvent, regardless of any prior notice given to potential creditors, "the Commissioner shall notify all persons who may have claims against such insurer and who have not filed proper proofs thereof, to present the same to him, at a place specified in such notice, within four months from the date of the entry of such order, or, if the Commissioner shall certify that it is necessary, within such longer time as the court may prescribe ..." 26 L.P.R.A. § 4019(1). Additionally, this section also provides that filing the correspondent proofs of claim after the deadline, will not share in the distribution of assets until all the allowed claims have been paid in full. 26 L.P.R.A. § 4019(2).

The deadline for filing claims against IPD was extended up to, and including May 19, 1988. It was not until June 1, 1989, more than a year after the deadline had passed, that the IRS filed its claims with the Office of the Insurance Commissioner of Puerto Rico. On August 7, 1990, the Commissioner filed a list of the priority claims, specifying that only the claims filed before May 19, 1988, would be considered timely. Claims filed after said deadline, would be considered after all the allowed claims have been paid in full, pursuant to 26 L.P.R.A. § 4019(2). When the IRS ascertained that it would lose the preferred claim status bestowed by federal law and provided for in Chapter 40 of the Puerto Rico Insurance Code, they moved to remove this action pursuant to 31 U.S.C. § 3179(a)(1)(A), contending that the federal super-priority statute preempts the local statute.

**7.** 26 L.P.R.A. § 4007(9) provides that a "preferred claim means any claim with respect to which the law of a state **or of the United States** accords priority of payment from the general assets of the insurer." (Emphasis ours).

**342**

As to this contention, the Sixth Circuit has established that "[v]arious statutes enacted by Congress, including the Sherman Act, Clayton Act, and the Federal Trade Commission Act, have been amended as to establish federal dominance in certain areas pursuant to the McCarran–Ferguson Act. *Nevertheless, 31 U.S.C. § 3173, the federal superpriority statute has not been amended to that effect." Fabe, supra,* at 344 (n. 2). (Emphasis added). Because our Circuit has not expressed itself on this issue, we are hereby adopting the Sixth Circuit's position in *Fabe, supra,* as persuasive and find that Puerto Rico's liquidation priority statute is not preempted by the federal super-priority statute.

## III.   CONCLUSION

The McCarran–Ferguson Act and the case law of our Circuit direct us to remand this matter to the local forum in deference to the highly specialized and comprehensive procedure for the liquidation of insolvent insurance companies contained in the Puerto Rico Insurance Code.

WHEREFORE, in view of the foregoing reasons, the instant action must be and is hereby REMANDED to Superior Court of Puerto Rico, Bayamón Part.

SO ORDERED.