675 F.Supp. 550 (1987)
UNITED STATES of America, Plaintiff,
v.
Catherine BOOTS, Defendant.
No. N87-0024C.
United States District Court, E.D. Missouri, N.D.
December 29, 1987.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.
Cynthia A. Suter, Moberly, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is presently before the Court on plaintiff's motion for summary judgment.
Plaintiff United States of America brings this action under 31 U.S.C. § 3713(b) *551 against defendant Catherine Boots, personal representative of the deceased Glen White, to recover overpayments allegedly made to White under the Veterans Administration (VA) benefits program. The United States contends Catherine Boots is personally liable for the overpayments as she failed to satisfy the debt prior to distributing the assets of the deceased's estate even though she had actual notice of the debt and sufficient moneys on hand to pay it.
The facts giving rise to this action which are not in dispute may be summarized as follows. Glen White, a veteran of the United States Armed Forces, received a monthly disability award from the VA. On May 22, 1985, the VA wrote Catherine Boots, as the duly appointed guardian of White, and informed her that White had received $6,475.00 in benefits to which he was not entitled. Boots requested a waiver of the debt and an oral hearing on her request on the ground that White was not responsible for the debt or, if he was responsible, that payment of the debt would cause an undue hardship on him. The VA thereupon scheduled a hearing on July 2, 1985. But shortly before the hearing date White died and Boots cancelled the hearing.
Boots was subsequently appointed personal representative of White's estate. On August 16, 1985, the VA wrote to her and reminded her of White's indebtedness and asked her whether she would honor the claim on the basis of the information sent to her or would prefer that a formal claim be filed in the Circuit Court. In her response dated August 24, 1985, she indicated that she would not oppose the claim and would pay it as soon as the Judge approved it. As a result, the VA decided not to file a formal claim with the court. On October 9, 1985 and January 27, 1986, the VA again wrote to Boots and requested payment of the debt. Boots neither answered the VA's letters nor paid the debt. On March 18, 1986, an Associate Circuit Judge issued an Order of Discharge with respect to White's estate in which he indicated that all debts of the deceased had been paid and ordered the remaining $9,925.83 in the estate to be divided equally to White's two sisters and only remaining heirs, Violet Gladys Finnell and Mary Alice Eubanks. Finally, on April 21, 1986, Boots' attorney informed the VA of the Order of Discharge and indicated that, since the VA had failed to file a formal claim with the court, the estate was closed in a timely manner.
In its motion for summary judgment, the United States contends it is entitled to judgment under 31 U.S.C. § 3713(b) as there is no dispute as to whether Boots received actual notice of the debt prior to distributing the assets of White's estate and as to whether there were sufficient assets in the estate to satisfy the debt. In response, Boots essentially contends that the United States abandoned any right it may have had to recover the debt by failing to file a formal claim with the circuit court. For the following reasons, the Court agrees with the United States and accordingly grants summary judgment in its favor.
In passing upon a motion for summary judgment, a court may only award judgment to the moving party if it demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). But the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 578, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Indeed, the non-moving party must set forth specific facts to show that "there is sufficient evidence favoring [it] for a jury to return a verdict for [it]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed. 2d 202 (1986).
Under the applicable law,
[a] representative of a person or an estate ... paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government.
*552 31 U.S.C. § 3713(b). In construing the predecessor statute to 31 U.S.C. § 3713(b),[1] the courts have uniformly held a personal representative liable who, having actual notice of the debt due the Government, distributed the estate pursuant to a decree of distribution without first paying the debt due the Government even though the Government had not submitted a claim in the probate proceedings. See Viles v. Commissioner of Internal Revenue, 233 F.2d 376 (6th Cir.1956); United States v. Luce, 78 F.Supp. 241 (D.Minn.1948); United States v. Munroe, 65 F.Supp. 213 (W.D. Pa.1946); United States v. Weisburn, 48 F.Supp. 393 (E.D.Pa.1943). See also United States v. Vibradamp Corporation, 257 F.Supp. 931 (S.D.Ca.1966) (refusing to hold the executors of an estate liable under former 31 U.S.C. § 192 as the Government had not served the executors with notice of the debt).
In the instant case, there is no material dispute that Boots had actual notice that White received $6,475.00 in overpayments from the VA and that the Government intended to collect the amount of the overpayments from the estate.[2] Moreover, there is no material dispute that Boots, pursuant to the Order of Discharge, distributed $9,925.83, an amount in excess of the debt due the Government, to White's heirs without first discharging the debt due the Government. In addition, and contrary to Boots' assertion, under such cases as Viles, supra, it is irrelevant that the Government did not file a formal claim in the probate proceeding.
Accordingly, the Court finds that there is no dispute as to any material fact and that the United States is entitled to judgment as a matter of law.

ORDER AND JUDGMENT
Pursuant to the memorandum filed herein on this date,
IT IS HEREBY ORDERED that plaintiff's motion for summary judgment be and it is granted.
In light of this holding,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment in this action be and it is entered in favor of plaintiff and against defendant in the amount of $6,745.00.
NOTES
[1] For purposes of the present action, 31 U.S.C. § 3713 does not differ in any material respects from its predecessor, 31 U.S.C. § 192.
[2] In her memorandum in opposition to the United States' motion for summary judgment, Boots does not explicitly dispute that White received $6,475.00 in overpayments from the VA. Even if she did, however, the Court finds that she has failed to set forth sufficient facts to demonstrate that there is a material dispute as to the amount now owing to the United States. In reaching such a conclusion, the Court finds the following facts particularly noteworthy: Boots' assertion in her letter of August 24, 1985 that she would pay the debt if the judge approved it, her failure to reschedule the proposed July 2, 1985 hearing to contest the debt, and her lack of response to the VA's letters of October 9, 1985 and January 27, 1986 requesting payment of the debt.