[NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT



No. 95-1006

JUAN ANTONIO GARCIA,

INSURANCE COMMISSIONER, ETC.,

Plaintiff, Appellant,

v.

ISLAND PROGRAM DESIGNER, INC.,

Defendant, Appellee.



UNITED STATES OF AMERICA,

Intervenor, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gilberto Gierbolini, Senior U.S. District Judge] 



Before

Selya, Cyr and Stahl,

Circuit Judges. 



Carlos J. Morales Bauza and Rossello-Rentas & Rabell-Mendez 
on brief for appellant.
Loretta C. Argrett, Assistant Attorney General, Gary R. 
Allen, Bruce R. Ellisen, and Laurie Snyder, Tax Division, Dep't 
of Justice, and Guillermo Gil, United States Attorney, on brief 
for intervenor.


August 9, 1995


Per Curiam. This case involves a dispute over the Per Curiam. 

relative priority to be accorded to federal tax claims against an

insolvent health maintenance organization. After an earlier

opinion in which we held that the federal court had exclusive

jurisdiction to hear and determine the competing claims, see 

Garcia v. Island Program Designer, Inc., 4 F.3d 57, 60 (1st Cir. 

1993), the district court rejected the position urged by

appellant, Puerto Rico's Insurance Commissioner, and ruled that

the tax claims asserted by the Internal Revenue Service (IRS)

were entitled to priority over the claims of unpaid health-care

providers. See Garcia v. Island Program Designer, Inc., 875 F. 

Supp. 940, 944 (D.P.R. 1994). The Insurance Commissioner then

prosecuted the instant appeal.

We will not dawdle. The court below has written a

careful, well-reasoned opinion, correctly applying the legal

doctrines articulated by the Supreme Court in Department of 

Treasury v. Fabe, 113 S. Ct. 2202 (1993), and adequately 

exploring the interplay among the federal priority statute, 31

U.S.C. 3713, the McCarran-Ferguson Act, 15 U.S.C. 1012(b),

and local law, particularly P.R. Laws Ann. tit. 26, 1914. It

is our preferred practice that when, as now, "a trial court has

produced a first-rate work product, a reviewing tribunal should

hesitate to wax longiloquent simply to hear its own words

resonate." In re San Juan Dupont Plaza Hotel Fire Litig., 989 

F.2d 36, 38 (1st Cir. 1993). That wise adage is fully applicable

here. Accordingly, we affirm the entry of summary judgment in

2

the IRS's favor for substantially the reasons elucidated in the

opinion below.

Withal, we add one flourish. In the district court,

appellant essayed only a fleeting reference to the Chevron 

principle. See Chevron U.S.A. Inc. v. Natural Resources Defense 

Council, Inc., 467 U.S. 837 (1984). On appeal, the Commissioner 

makes Chevron the centerpiece of his argument. This is both too 

late and too little.

In the first place, it is our settled rule that legal

theories not developed in the trial court cannot be

splendiforously unveiled on appeal. See Teamsters, Chauffeurs, 

Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. 

Co., 953 F.2d 17, 21 (1st Cir. 1992). In the second place, the 

Chevron principle does not apply "to agency litigating positions 

that are wholly unsupported by regulations, rulings, or

administrative practice." Bowen v. Georgetown Univ. Hosp., 488 

U.S. 204, 212 (1988); accord United States v. 29 Cartons of * * * 

An Article of Food, 987 F.2d 33, 38 n.6 (1st Cir. 1993). 

Consequently, it would be wholly inappropriate for us to defer,

as appellant importunes, to what strikes us as nothing more than

a position of convenience. In all events, to win our allegiance

an administrative agency's statutory interpretation must "flow[]

rationally from a permissible construction of the statute,"

Strickland v. Commissioner, Me. Dep't of Human Servs., 48 F.3d 

12, 17 (1st Cir. 1995), and cannot be "`arbitrary, capricious, or

manifestly contrary to the statute.'" id. at 18 (citation 

3

omitted). Appellant's interpretation of P.R. Laws Ann. tit. 26,

1914 fails this test.

We need go no further. The judgment of the district

court must be summarily affirmed. See 1st Cir. Loc. R. 27.1.  

Affirmed. Affirmed. 

4