USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 95-1006 JUAN ANTONIO GARCIA, INSURANCE COMMISSIONER, ETC., Plaintiff, Appellant, v. ISLAND PROGRAM DESIGNER, INC., Defendant, Appellee. __________________________ UNITED STATES OF AMERICA, Intervenor, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, Senior U.S. District Judge] __________________________ _________________________ Before Selya, Cyr and Stahl, Circuit Judges. ______________ _________________________ Carlos J. Morales Bauza and Rossello-Rentas & Rabell-Mendez ________________________ _______________________________ on brief for appellant. Loretta C. Argrett, Assistant Attorney General, Gary R. ___________________ ________ Allen, Bruce R. Ellisen, and Laurie Snyder, Tax Division, Dep't _____ _________________ _____________ of Justice, and Guillermo Gil, United States Attorney, on brief ______________ for intervenor. _________________________ August 9, 1995 _________________________ Per Curiam. This case involves a dispute over the Per Curiam. ___________ relative priority to be accorded to federal tax claims against an insolvent health maintenance organization. After an earlier opinion in which we held that the federal court had exclusive jurisdiction to hear and determine the competing claims, see ___ Garcia v. Island Program Designer, Inc., 4 F.3d 57, 60 (1st Cir. ______ _____________________________ 1993), the district court rejected the position urged by appellant, Puerto Rico's Insurance Commissioner, and ruled that the tax claims asserted by the Internal Revenue Service (IRS) were entitled to priority over the claims of unpaid health-care providers. See Garcia v. Island Program Designer, Inc., 875 F. ___ ______ ______________________________ Supp. 940, 944 (D.P.R. 1994). The Insurance Commissioner then prosecuted the instant appeal. We will not dawdle. The court below has written a careful, well-reasoned opinion, correctly applying the legal doctrines articulated by the Supreme Court in Department of _____________ Treasury v. Fabe, 113 S. Ct. 2202 (1993), and adequately ________ ____ exploring the interplay among the federal priority statute, 31 U.S.C. 3713, the McCarran-Ferguson Act, 15 U.S.C. 1012(b), and local law, particularly P.R. Laws Ann. tit. 26, 1914. It is our preferred practice that when, as now, "a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." In re San Juan Dupont Plaza Hotel Fire Litig., 989 _______________________________________________ F.2d 36, 38 (1st Cir. 1993). That wise adage is fully applicable here. Accordingly, we affirm the entry of summary judgment in 2 the IRS's favor for substantially the reasons elucidated in the opinion below. Withal, we add one flourish. In the district court, appellant essayed only a fleeting reference to the Chevron _______ principle. See Chevron U.S.A. Inc. v. Natural Resources Defense ___ ___________________ _________________________ Council, Inc., 467 U.S. 837 (1984). On appeal, the Commissioner _____________ makes Chevron the centerpiece of his argument. This is both too _______ late and too little. In the first place, it is our settled rule that legal theories not developed in the trial court cannot be splendiforously unveiled on appeal. See Teamsters, Chauffeurs, ___ _______________________ Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. ____________________________________________ _________________ Co., 953 F.2d 17, 21 (1st Cir. 1992). In the second place, the ___ Chevron principle does not apply "to agency litigating positions _______ that are wholly unsupported by regulations, rulings, or administrative practice." Bowen v. Georgetown Univ. Hosp., 488 _____ _______________________ U.S. 204, 212 (1988); accord United States v. 29 Cartons of * * * ______ _____________ ___________________ An Article of Food, 987 F.2d 33, 38 n.6 (1st Cir. 1993). ____________________ Consequently, it would be wholly inappropriate for us to defer, as appellant importunes, to what strikes us as nothing more than a position of convenience. In all events, to win our allegiance an administrative agency's statutory interpretation must "flow[] rationally from a permissible construction of the statute," Strickland v. Commissioner, Me. Dep't of Human Servs., 48 F.3d __________ _________________________________________ 12, 17 (1st Cir. 1995), and cannot be "`arbitrary, capricious, or manifestly contrary to the statute.'" id. at 18 (citation ___ 3 omitted). Appellant's interpretation of P.R. Laws Ann. tit. 26, 1914 fails this test. We need go no further. The judgment of the district court must be summarily affirmed. See 1st Cir. Loc. R. 27.1.  ___ Affirmed. Affirmed. ________ 4