62 F.3d 1411
 76 A.F.T.R.2d 95-6007
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Juna Antonio GARCIA, Insurance Commissioner, Etc.,
Plaintiff, Appellant,
v.
ISLAND PROGRAM DESIGNER, INC., Defendant, Appellee. United
States of America, Intervenor, Appellee.
 No. 95-1006
 United States Court of Appeals,
First Circuit.
 Aug. 9, 1995
 
 Carlos J. Morales Bauza and Rossello-Rentas & Rabell-Mendez on brief for appellant.
 Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, Bruce R. Ellisen, and Laurie Snyder, Tax Division, Dep't of Justice, and Guillermo Gil, United States Attorney, on brief for intervenor.
 D. Puerto Rico
 AFFIRMED.
 Before SELYA, CYR, and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case involves a dispute over the relative priority to be accorded to federal tax claims against an insolvent health maintenance organization. After an earlier opinion in which we held that the federal court had exclusive jurisdiction to hear and determine the competing claims, see Garcia v. Island Program Designer, Inc., 4 F.3d 57, 60 (1st Cir.1993), the district court rejected the position urged by appellant, Puerto Rico's Insurance Commissioner, and ruled that the tax claims asserted by the Internal Revenue Service (IRS) were entitled to priority over the claims of unpaid health-care providers. See Garcia v. Island Program Designer, Inc., 875 F. Supp. 940, 944 (D.P.R.1994). The Insurance Commissioner then prosecuted the instant appeal.
 
 
 2
 We will not dawdle. The court below has written a careful, well-reasoned opinion, correctly applying the legal doctrines articulated by the Supreme Court in Department of Treasury v. Fabe, 113 S. Ct. 2202 (1993), and adequately exploring the interplay among the federal priority statute, 31 U.S.C. Sec. 3713, the McCarran-Ferguson Act, 15 U.S.C. Sec. 1012(b), and local law, particularly P.R. Laws Ann. tit. 26, Sec. 1914. It is our preferred practice that when, as now, "a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir.1993). That wise adage is fully applicable here. Accordingly, we affirm the entry of summary judgment in the IRS's favor for substantially the reasons elucidated in the opinion below.
 
 
 3
 Withal, we add one flourish. In the district court, appellant essayed only a fleeting reference to the Chevron principle. See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). On appeal, the Commissioner makes Chevron the centerpiece of his argument. This is both too late and too little.
 
 
 4
 In the first place, it is our settled rule that legal theories not developed in the trial court cannot be splendiforously unveiled on appeal. See Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir.1992). In the second place, the Chevron principle does not apply "to agency litigating positions that are wholly unsupported by regulations, rulings, or administrative practice." Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 212 (1988); accord United States v. 29 Cartons of * * * An Article of Food, 987 F.2d 33, 38 n.6 (1st Cir.1993). Consequently, it would be wholly inappropriate for us to defer, as appellant importunes, to what strikes us as nothing more than a position of convenience. In all events, to win our allegiance an administrative agency's statutory interpretation must "flow[ ] rationally from a permissible construction of the statute," Strickland v. Commissioner, Me. Dep't of Human Servs., 48 F.3d 12, 17 (1st Cir.1995), and cannot be " 'arbitrary, capricious, or manifestly contrary to the statute.' " id. at 18 (citation omitted). Appellant's interpretation of P.R. Laws Ann. tit. 26, Sec. 1914 fails this test.
 
 
 5
 We need go no further. The judgment of the district court must be summarily affirmed. See 1st Cir. Loc. R. 27.1. Affirmed.