LUCERO, Circuit Judge,
dissenting.
Because I believe that the issue presented before us is governed by United States v. Fabe, 508 U.S. 491, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993), and because my reading of that carefully limited opinion delivered by a divided Supreme Court precludes both the approach and result reached by the majority opinion, I respectfully dissent.
Unlike the majority, I do not understand Fabe to permit a conclusion that all actions arising under a state insurance liquidation statute automatically fall under the purview of the McCarran-Ferguson Act merely because of the operation of the state statute. Fabe’s holding is much more nuaneed — requiring a close inquiry into whether the operation of each provision of the statute implicates the “business of insurance.”
In Fabe, after reviewing relevant precedent, the Court concluded that a state statute “regulate[s] the business of insurance only to the extent that it protect[s] policyholders.” Id. at 509 n. 8, 113 S.Ct. 2202. I recognize that the interests of policyholders are indirectly implicated by any claims on the assets of insolvent insurers by potential creditors. Emphasizing the “narrowness of our actual holding,” id., however, the Fabe Court cautioned against defining all such indirect connections as pertaining to the “business of insurance” under McCarran-Ferguson. “This argument, however, goes too far: ‘But in that sense, every business decision made by an insurance company has some impact on its reliability ... and its status as a reliable insurer.’ Royal Drug rejected the notion that such indirect effects are sufficient for a state law to avoid pre-emption under the McCarran-Ferguson Act.” Id. at 508-09, 113 S.Ct. 2202 (quoting Group Life & Health Ins. Co. v. Royal Drug Co., 440 U.S. 205, 216-17, 99 S.Ct. 1067, 59 L.Ed.2d 261 (1979)).
The facts before us are not related to the business of insurance as defined in Fabe. I disagree with the majority’s adoption of Munich Amer. Reins. Co. v. Crawford, 141 F.3d 585 (5th Cir.1998) to the extent that Munich imposes a per se rule of reverse preemption of federal enforcement of all arbitration agreements against an insurance company in insolvency proceedings. Fabe requires the examination of individual provisions of an insurance liquidation statute to determine which of those provisions specifically protect policyholders. See Fabe, 508 U.S. at 508-10, 113 S.Ct. 2202 (finding reverse preemption of federal priority statute with respect to policyholders, but not with respect to other creditors); see also Garcia v. Island Program Designer, Inc., 4 F.3d 57, 62 (1st Cir.1993) (Breyer, C.J.) (finding no reverse-preemption *1283 of filing-deadline provision of Puerto Rico insurance insolvency statute[1] because provision “cannot be said to directly ‘regulate[] policyholders,’ for it is neither directed at, nor necessary for, the protection of policyholders, as the [Fabe ] Court required. The provision helps policyholders only to the extent that (and in the same way as) it helps all creditors.”). Like the provision at issue in Garcia, a blanket stay of all arbitration proceedings is of general benefit to all creditors and not specifically for the benefit of policyholders.
Nor is Munich elearly apposite on its facts to the situation before us. The Munich court considered the enforceability of arbitration clauses in reinsurance contracts which covered losses on claims paid under an insurance policy by the insolvent insurer, contracts which arguably relate with some directness to protecting policyholders. The precise question before the district court below, however, was whether to compel specific performance of the arbitration clause in a stock purchase agreement forming part of a real estate deal. Davister is neither a policyholder of United Republic nor an insurer of United Republic’s policies. The contract to be interpreted is a real estate contract. Though an insurance company, albeit now insolvent, is a party, the contract has no connection to policyholders or their policies. The deliberately narrow holding of Fabe forecloses a scope of reverse preemption so broad that it could encompass the arbitration of such a contract.
Furthermore, this is not a ease where the enforcement of the federal right would conflict with a specific provision of a state law precluding arbitration in insurance eases or insurance liquidation proceedings. Cf. Stephens v. American Int’l Ins. Co., 66 F.3d 41, 44 (2d Cir.1995) (concluding that specific ant-iarbitration provision in Kentucky insurance liquidation law precludes compelling arbitration under federal law); Mutual Reins. Bureau v. Great Plains Mut. Ins. Co., 969 F.2d 931, 933-34 (10th Cir.1992) (holding that Kansas arbitration statute specifically exempting “contracts of insurance” was protected from FAA preemption by McCarran-Ferguson Act). Utah has no state law, either within or outside of its insurance liquidation scheme, mandating against arbitration in the insurance context. Thus, it is by no means' clear that enforcement of the FAA would . “invalidate, impair, 'or supersede” the Utah liquidation statute.
I am mindful that “the statutory question the majority considers with care is difficult.” Fabe, 508 U.S. at 510, 113 S.Ct. 2202 (Kennedy, ' J., dissenting). To bring this dispute within the reach of McCarran-Ferguson reverse pre-emption would swallow the very fine distinction set forth by Fabe’s majority, potentially precluding federal jurisdiction over any dispute involving an insolvent insurance company. Because I believe that the majority’s result is neither contemplated by nor consistent with Fabe, nor required by McCarran-Ferguson, I would conclude that the federal court has jurisdiction over this dispute and would reach the question of whether the district court below properly abstained from exercising that jurisdiction.

. See L.P.R.A. tit. 26 (Insurance), ch. 40 (Rehabilitation and Liquidation).